IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EUGENE DWIGHT HUNT,           )
                              )
           Petitioner,        )
                              )      1:13CV848
     v.                       )      1:04CR414-1
                              )
UNITED STATES OF AMERICA,     )
                              )
           Respondent.        )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Petitioner Eugene Dwight Hunt, a federal prisoner, has brought a motion (Doc. 25) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was charged with, and later pled guilty to, being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docs. 1, 12-13; Minute Entry 01/05/2005.) He was later sentenced to 180 months of imprisonment as an armed career criminal under the Armed Career Criminal Act ("ACCA"). (Doc. 16; Minute Entry 5/24/2005.) Following an unsuccessful appeal, United States v. Hunt, 169 F. App'x 171 (4th Cir. 2006), Petitioner took no action in this matter until he filed his current motion and supporting memorandum (Docs. 25-26). Respondent has filed a response (Doc. 30). Petitioner then filed

two supplements (Docs. 32, 35) and a motion to appoint attorney (Doc. 33). In light of this court's order requesting additional briefing (Doc. 36), Respondent filed a supplemental response (Doc. 38). Although additional time remains within which Petitioner is permitted to file a responsive brief (see Doc. 32 at 2), in light of Respondent's concession of relief favorable to Petitioner, a responsive brief by Petitioner would be redundant. The matter is now prepared for a ruling.[1] See Rule 8, Rules Governing § 2255 Proceedings.

I. **PETITIONER'S GROUNDS**

In his § 2255 motion, Petitioner argues that his sentencing as an armed career criminal is unconstitutional after Alleyne v. United States, ____ U.S. ____, 133 S. Ct. 2151 (2013) and Descamps v. United States, ____ U.S. ____, 133 S. Ct. 2276 (2013), since his predicate violent felonies were not alleged in the indictment or admitted by him. (Docs. 25-26.) Petitioner also raised the issue of whether he was properly sentenced as an armed career criminal in two supplements, both of which invoke Johnson v. United States, ____ U.S. ____, 135 S. Ct. 2551 (2015). (Docs. 32, 35.)

---

[1] Petitioner was appointed counsel by prior order (Doc. 37) and so his pending motion for the appointment of counsel will be denied as moot (Doc. 33).

- 2 -

## II. **DISCUSSION**

After Petitioner raised the issue of whether he remained an armed career criminal (Doc. 32) under Johnson, the court ordered the Government to brief the issue (Doc. 36). In a supplemental brief, the Government concedes that Petitioner's three counts of assault with a deadly weapon inflicting serious injury ("AWDWISI") no longer count as ACCA predicates and that he should therefore be resentenced. (Doc. 38, citing Doc. 34, PSR ¶ 21.)

Specifically, the Government reasons as follows:

> Hunt was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) and subject to a mandatory fifteen-year sentence, in part, as a result of his conviction on May 25, 1989, for three counts of assault with a deadly weapon inflicting serious injury (AWDWISI) in Guilford County Superior Court (Dkt. No. 88CRS6022[0]). (PSR ¶ 21). Section 924(e)(1) applies if a defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." A "violent felony" is defined as any crime "punishable by imprisonment for a term exceeding one year" that either "has [as] an element the use, attempted use, or threatened use of physical force against the person of another" [force clause] or is "burglary, arson, or extortion, involves use of explosives [enumerated clause], or otherwise involves conduct that presents a serious risk of physical injury to another" [residual clause]. 18 U.S.C. §§ 924(e)(2)(B)(i) and (ii). In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the "residual clause" in § 924(e)(2)(B)(ii) is unconstitutionally vague under due process principles. Later, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson announced

a substantive rule that applied retroactively on collateral review.

The North Carolina statute criminalizing AWDWISI provides: "Any person who assaults another person with a deadly weapon and inflicts serious injury shall be punished as a . . . felon." N.C.G.S. § 14-32(b). In order to obtain a conviction, the state must establish: 1) an assault, 2) with a deadly weapon, 3) inflicting serious injury, 4) not resulting in death. State v. Jones, 353 N.C. 159, 164, 538 S.E.2d 917 (2000). Although the Fourth Circuit has not examined the application of Johnson to the North Carolina offense of AWDWISI, the district court for the Eastern District of North Carolina has found that "the state may obtain a conviction upon a showing of 'a thoughtless disregard of consequences.'" United States v. Geddie, 125 F. Supp. 3d 592, 601 (E.D.N.C. 2015). "Thus because the state may obtain an AWDWISI conviction upon a showing of a mental state less than recklessness, AWDWISI categorically is not a 'violent felony', regardless of how violent defendant's own conduct may have been." Id. Similarly, the same court has found that "AWDWISI categorically is not a 'crime of violence'" under U.S.S.G. § 2K2.1(a)(4) which applies in firearm cases where "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." United States v. Jones, 2015 WL 4133747 (E.D.N.C., July 8, 2015).

The government therefore concedes that Hunt's three May 25, 1989, convictions for AWDWISI would not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B) after Johnson. Although Hunt does have two January 7, 1994, convictions in Butts County Superior Court, Jackson, Georgia for felonious burglary, each of which was committed on a separate occasion and would qualify as a "violent felony" under the enumerated offense of "burglary" in 18 U.S.C. § 924(e)(2)(B)(ii), he still would not have the "three previous convictions" for a "violent felony or a serious drug offense, or both" required in § 924(e)(1).

- 4 -

Case 1:04-cr-00414-WO-JLW   Document 40   Filed 08/05/16   Page 4 of 5

> Accordingly, Hunt's § 2255 petition should be
> granted and he should be resentenced.

(Doc. 38 at 1-3.) In light of the Government's concession and the parties' agreement, Petitioner will be resentenced without the ACCA enhancement. To the extent Petitioner raises any additional argumentation in his pleadings, it is now moot.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 25) is **GRANTED** for the reasons set forth above, that the Judgment (Doc. 16) is **VACATED**, and that this matter shall be set for resentencing in light of the Government's concession. Petitioner remains in custody, and the United States Attorney is directed to produce Petitioner for the resentencing hearing. The Probation Office is directed to prepare a Supplement to the Presentence Investigation Report in advance of the hearing.

**IT IS FURTHER ORDERED** that Petitioner's motion for the appointment of counsel (Doc. 33) is **DENIED AS MOOT.**

This the 5th day of August, 2016.

_____
United States District Judge